

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2007

# DeAlmeida v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3453

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"DeAlmeida v. Atty Gen USA" (2007). *2007 Decisions.* Paper 745.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/745

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3453

ABRAO DEALMEIDA,

Petitioner,

v.

ATTORNEY GENERAL
OF THE UNITED STATES,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
U.S. Department of Justice
BIA File No. A25-307-918

Submitted Pursuant to LAR 34.1(a)
June 14, 2007

BEFORE McKEE, STAPLETON, and NYGAARD, Circuit Judges

(Opinion Filed: July 18, 2007)

_____

OPINION
_____

McKEE, Circuit Judge,

Abrao DeAlmeida petitions for review of an order of the Board of Immigration

Appeals reversing the Immigration Judge's grant of relief under the United Nations Convention Against Torture ("CAT"). For reasons stated below, we will deny the petition.

## I.

Since we write primarily for the parties, we need not reiterate the factual or procedural history of this appeal except insofar as may be helpful to our brief discussion.

Abrao DeAlmeida was born in a Botswana refugee camp. His parents had taken refuge there after civil war forced them to flee their native Angola. DeAlmeida's family eventually relocated to the United States and DeAlmeida became a lawful permanent resident. However, his residency here was not without difficulties as he was subsequently convicted of possession of heroin with intent to deliver. Relying upon that conviction, the Government initiated removal proceedings against him pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) as his conviction constituted an "aggravated felony" under immigration law.

At the ensuing immigration hearing, the Immigration Judge denied DeAlmeida's request for withholding of removal, but granted relief under the CAT. The IJ based his decision primarily on the widespread torture and human rights violations still occurring in Angola. The IJ found that arbitrary arrest and detention are common in Angola, and that detainees and prisoners are subjected to torture. That finding, combined with the fact that DeAlmeida had never lived in Angola, caused the IJ to conclude that DeAlmeida

2

would be detained and tortured if he returned, and that he was therefore eligible for CAT relief.

The BIA sustained the Government's appeal because the Board found that the IJ's conclusion that DeAlmeida would likely face detention and torture upon return to Angola was "speculative" and "unconvincing." The BIA concluded that the evidence did not satisfy DeAlmeida's burden under the CAT and ordered him removed to Angola. This petition for review followed.[1]

## II.

The Government argues that we lack jurisdiction over DeAlmeida's petition for review because the only claim that has not been waived is nothing more than a challenge to the sufficiency of the evidence. *See* Respondent's Br. at 4. We agree that DeAlmeida did not preserve his claim that he is not a citizen of Angola, or the claim that he cannot be removed unless his refugee status is first revoked. Although the Government believes that DeAlmeida's remaining claim raises only a factual dispute, DeAlmeida is arguing that the Board's treatment of the IJ's decision denied him due process of law, and that the Board erred in applying the CAT.[2] *See Cham v. Att'y Gen*., 445 F.3d 683, 691 (3d Cir.

---

[1] We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(d) because DeAlmeida asserts a due process claim, and also argues that the BIA committed legal error in applying the CAT. We exercise *de novo* review over the BIA's legal determinations, but afford *Chevron* deference to the BIA's reasonable interpretation of the statutes the BIA is charged with administering. *Francois v. Gonzales*, 448 F.3d 645, 648 (3d Cir. 2006).

[2] DeAlmeida argues: "the Board failed to provide due process in the adjudication of his claims arising under the Convention Against Torture. . . . the Board failed to refute the

2006).  We have jurisdiction over those claims.

Aliens in removal proceedings are entitled to due process. *See Sewak v. INS*, 900 F.2d 667, 671 (3d Cir. 1990).  Due process guarantees "factfinding based on a record produced before the decisionmaker and disclosed to [the alien]," the right to make "arguments on [the alien's] own behalf," and "the right to an individualized determination of [the alien's] interests." *Kamara v. Atty. Gen.*, 420 F.3d 202, 212 (3d Cir. 2005) (internal quotation marks omitted).  Accordingly, "the question of due process is not whether the BIA reached the correct decision; rather it is simply whether the Board made an individualized determination of [the alien's]" claim. *Id. See also Awolesi v. Ashcroft*, 341 F.3d 227, 232n.7 (3d cir. 2003).

The BIA found that the undisputed facts in the record did not satisfy the standard for CAT relief, and that the IJ's contrary conclusion was not supported by objective evidence.  Despite DeAlmeida's concern with the brevity of the Board's decision, the Board's factual conclusions, and the Board's rejection of the IJ's conclusions, it is clear that the Board afforded DeAlmeida an "individualized  determination" of his claim for relief under the CAT.  Accordingly, there is no due process violation. The BIA found that the record did not satisfy the legal standard for CAT relief, and that the IJ's contrary

Petitioner's evidence, but merely stated, in boilerplate form, that the Petitioner failed to meet his burden of proof.  The Board did not specify what about the available evidence contradicted the Petitioner's claim. The Board's decision was also erroneous because it found no error in the factual determinations made by the immigration  judge but merely asserted that the judge's legal conclusions were 'speculative' and unsupported by the evidence.  The Board did not specify why it made that determination."  Petitioner's Br. at 24.

4

conclusion was based on speculation that was not supported by objective evidence.

We find no legal error in the BIA's conclusion that the IJ's grant of CAT relief was based on speculative legal conclusions that are unsupported by objective evidence. Indeed, the IJ made an assumption that rests on nothing more than general evidence of Angola's poor human rights record and arbitrary arrests and detentions. Based upon that, the IJ concluded that Angolan authorities will likely detain DeAlmeida for some extended period of time on account of his status as a criminal deportee who has never before lived in the country. The IJ made this finding despite conceding that there is "no direct evidence concerning the Angolan government's policies or practices" regarding the detention of criminal deportees in the administrative record. App. at 46.

Our independent review of the record did uncover a single document, entitled "Angola Assessment," prepared by a United Kingdom immigration agency in April 2002, which has at least marginal relevance to this aspect of DeAlmeida's claim. That assessment provides in pertinent part: "Any Angolans who have been deported from abroad, or who lived abroad for many years, would be questioned by immigration and police at the airport with a view to establishing their identity and whether they were of interest to the authorities for political or criminal reasons. The fact of applying for asylum would not, if discovered, be of particular interest." App. at 287.[3] However, this

_____

[3]The Assessment cites two documents for this proposition, the "Bakongo Brief - January 1998" and a document from the UN Integrated Regional Information Network entitled "UNITA General Seek Asylum, 10/06/00," neither of which is part of the administrative record.

only establishes that DeAlmeida will be questioned by Angolan officials upon his arrival. It does not establish a likelihood that he will be imprisoned or tortured.

Moreover, although DeAlmeida originally stated in his application for relief that he feared detention and torture by Angolan authorities on account of his status as a criminal deportee, App. at 390, he testified at the hearing that he only feared removal to Angola because he had never lived there before and because of his father's military background, App. at 124, not because of any fear of detention or torture based on his status of criminal deportee.[4]  In any event, the lack of objective evidence of detention of criminal deportees is fatal to DeAlmeida's CAT claim.[5]

## III

For the reasons stated above, the petition is denied.

---

[4]DeAlmeida did testify that he knew one Angolan who had been deported for a criminal conviction over ten years ago, and that rebels associated with  UNITA tried to torture him because they considered him to be a traitor.  App. at 113-15; 121.  But there was no suggestion that this deportee was targeted by UNITA rebels because of his status as a criminal deportee. The IJ rejected DeAlmeida's claims for relief that were based on his fear of torture by UNITA rebels in view of the changed political climate in Angola.

[5] As noted earlier, DeAlmeida has not preserved his argument that he is not an Angolan citizen.  We note, however, that the Government argues without contradiction that DeAlmeida conceded Angolan citizenship in the brief he submitted to the IJ, his argument before the IJ, and in his Asylum Application. *See* Respondent's Br. at 7 n.3.